## E. M. Batchelor et al. v. Em. Douglas et al.

Where L, as administrator of K, brought suit on a note payable to Ks, as executors of the same deceased K, and these executors afterwards intervened, and claimed the note as executors, whereupon the administrator relinquished in favor of the executors, there was nothing of which the defendants could complain, and it was error to dismiss the suit as to the intervenors.

Appeal from Smith. The case was tried before Hon. Reuben A. Reeves, one of the district judges.

The question turned entirely upon a question of practice, and the facts are sufficiently stated by the judge. The facts in reference to the withdrawal of the original plaintiffs and the proposed amendments in the docketing of the cause are stated in a bill of exceptions. The point decided by the judge below seemed to be, that as one of the original plaintiffs had acknowledged that the property in the note sued on was in the intervenors, as executors, and said plaintiff asked to withdraw, thus transferring the litigation to other parties in the record, it was the abandonment of the original suit and the commencement of a new action; and the court refused to take action until the case should be redocketed, and placed in its order on the calendar as a new cause.

*S. P. Donley*, for appellants, cited Henderson v. Kissam, 8 Tex., 46; Wane v. Kelley, 17 Tex., 552; Wright v. Neathery, 14 Tex., 212; Eccles v. Hill, 13 Tex., 65, &c.

*Thomas J. Jennings*, for appellees, moved to dismiss the appeal, because the intervenors had never in fact been made parties to the record.

Morrill, C. J.—On the 5th December, 1865, W. B. Long, as administrator of the estate of William Kennedy, de-

ceased, instituted suit against defendants, founded on a note of defendants, dated 31st December, 1862, calling for $1,000, payable to G. M. & W. H. Kennedy, executors of William Kennedy, deceased, or bearer, due at twelve months.

Defendants answered generally, and there does not appear to be anything further done until 4th November, 1867, when plaintiffs, one of whom is and was one of the executors named in the note, as such, and as payee of the same, with her husband, as such, filed their petition in the office of the clerk, claiming, as the sole surviving executor, the ownership of the note, and requesting judgment on the same.

At the first term of the court succeeding, the plaintiff, Long, filed in the court a statement, to the effect that he was not the legal representative of Kennedy, deceased, and that the note belonged to the intervenors in their executive capacity, and requested that the intervenors might be substituted in his place.

Whereupon the court ordered the suit to be dismissed, both as to original plaintiff, Long, and the intervenors.

It will be seen that the suit, as first brought, was at the instance and in the name of the legal representative of Kennedy, and claiming a judgment for the estate, and when the intervenors filed their petition as executors of the estate, and one of whom was the payee of the note, as executor of the estate, it was, to all intents and purposes, the same plaintiff, so far as the interests of defendants were concerned.

There was no necessity for time to change or alter, in any way or manner, his defense, especially after the first plaintiff had filed among the records in the case his assignment of the cause to plaintiffs. The note was payable to the estate of Kennedy, and none others but the legal representatives of the estate pretended to claim the ownership of the note.

---

---

The statute (Paschal's Dig., Art. 1275) requires that when an executor shall qualify after an administrator has been appointed, the administration shall be revoked; but all acts done by the administrator previous to the qualification of the executor shall be valid.

The defendants have not denied the capacity of either of the plaintiffs to sue.

We are at a loss to find a sufficient reason for the judgment of the court dismissing the cause. The judgment is reversed, and cause

REMANDED.